ACCEPTED
04-14-00781-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 1:28:47 PM
KEITH HOTTLE
CLERK

June 24, 2015

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

06/24/2015 1:28:47 PM

KEITH E. HOTTLE
Clerk

The Honorable Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

SUBMITTED THROUGH E-FILING.

RE: *City of Shavano Park v. ARD MOR, Inc.,* No. 04-14-00781-CV;
Texas Municipal League and Texas City Attorneys Association Letter
of *Amici Curiae* in Support of the Respondent, City of Shavano Park

To the Honorable Court:

The Texas Municipal League (TML) is a non-profit association of over 1,100 incorporated cities. TML provides legislative, legal, and educational services to its members. The Texas City Attorneys Association (TCAA), an affiliate of TML, is an organization of over 500 attorneys who represent Texas cities and city officials in the performance of their duties. Believing that the issue before this Court is of great significance to all Texas cities, and specifically to those that are experiencing renewed development, TML and TCAA respectfully submit this letter of *amici curiae* in the above-referenced cause.[1]

The *amici* adopts the facts as stated in the Appellant's brief on the merits.

*Amici's* position, as is that of the City of Shavano Park, is that the trial court erred in denying the City's plea to the jurisdiction. Appellees have no standing to assert a claim against the City, and there was no waiver of the City's governmental immunity.

---

[1] The author of this letter is a salaried employee of TML who has received no fee for the preparation of the letter.

The restrictive covenants that Appellees are attempting to enforce are private agreements between Lockhill and other landowners, such as the Appellees. The City, however, is not a party to that restrictive covenant agreement, and could not enforce the covenants. While the covenants make reference to city ordinances, this was a choice made by the drafters of the agreements and has nothing to do with any action by the City. The City did not apply the ordinances to the parties. Furthermore, the Development Agreement between the City and Lockhill does not give Lockhill the right to build a gas station. That right existed before the Development Agreement with the city. Lockhill's plan to build a gas station is allegedly a violation of the restrictive covenants on the property, but the basis for Appellees' claim against the City is a purely private and separate agreement that the City has no part in.

It would set an unfortunate precedent for third parties to be allowed to bring a claim against the City on the tenuous grounds that a private agreement makes mention of city ordinances or regulations. The city ordinances are only referenced in the restrictive covenants between the parties. There is no meaningful connection to the City, and no basis for suit, when the City is not a party to the restrictive covenants and there is no City action. Also, the City has no way of preventing third parties from referring to city ordinances in their private agreements. It would be unfair for city taxpayers to bear the burden of unforeseeable, and frankly unpreventable, legal conflicts.

The City also did not waive its governmental immunity under the Uniform Declaratory Judgment Act. Immunity can be waived solely by the Texas Legislature. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997), superseded by statute on other grounds, TEX. GOV'T CODE §§ 2260.001 et seq., as recognized in *General Servs. Comm'n v. Little-Tex. Insulation Co.*, 39 S.W.3d 591 (Tex. 2001)("[I]t is the Legislature's sole province to waive or abrogate sovereign immunity.")

Why is it so important that a waiver of immunity be under the purview of the Legislature? Certainty. Cities are formed for the purpose of managing the needs of people who live and work in close quarters. Texas cities provide basic services, including land use regulations, to protect their citizens and foster a better city environment. Some cities, based on the demands of their citizens, enact very stringent and complex regulations, while others do not.

Governmental immunity allows cities to perform these functions that benefit citizens, free from the constant threat of defending lawsuits and paying judgments.

*TNRCC v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). It is the need for certainty that has led courts in Texas to long recognize that a waiver of governmental immunity "must be clear and unambiguous." *Tooke v. City of Mexia*, 197 S.W.3d 325, 333, n.2 (Tex. 2006) (TEX. GOV'T CODE § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

The UDJA waives a City's immunity when an ordinance is invalid. This was not the case here—the ordinance passed by the City of Shavano Park was proper under section 43.028 of the Texas Local Government Code and the Texas Constitution. Therefore, Appellees do not have standing to bring a claim under the UDJA.

Each city needs certainty in knowing when it may be subjected to litigation or a contractual relationship. Allowing a city to be contractually obligated to a private party through no action of its own – only mention of city ordinances in restrictive covenants – destroys this certainty for all cities. TML and TCAA as *amici curiae*, respectfully submit this letter and request this Court to grant Appellant's plea to the jurisdiction and dismiss this case.

Respectfully Submitted,

*/s/ Laura Mueller*
Laura Mueller
Assistant General Counsel
Texas Municipal League
1821 Rutherford Lane, Suite 400
Austin, Texas 78754-5128
(512) 231-7400
(512) 231-7490 facsimile
laura@tml.org
State Bar No. 24046076
**Attorney for Amici Curiae**
Texas Municipal League
Texas City Attorneys Association

## CERTIFICATE OF COMPLIANCE

In compliance with Rule 9.4 of the Texas Rules of Appellate Procedure, this is to certify that this Brief of Amici Curiae contains 1,148 words and has been prepared in a conventional typeface of 14-point font in the text.

/s/ *Laura Mueller*
Laura Mueller

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this letter has been served upon the below named individuals on June 24, 2015, as required.

Jay K. Farwell
Cokinos Bosien & Young
10999 West IH10, Suite 800
San Antonio, Texas 78230
210.293.8733 fax
jfarwell@cbylaw.com

Karen L. Landinger
Cokinos Bosien & Young
10999 West IH10, Suite 800
San Antonio, Texas 78230
210.293.8733 fax
klandinger@cbylaw.com

David L. Earl
EARL & ASSOCIATES, P.C.
Pyramid Building
601 NW Loop 410, Suite 390
San Antonio, Texas 78216
210.222.9100 fax
dearl@earl-law.com

John C. Chunn
Attorney At Law
P.O. Box 396

Hondo, Texas 78861
john@johnchunnlaw.com

Luke H. Beshara
Pulman Cappuccio Pullen Benson & Jones, LLP
2161 NW Military, Suite 400
San Antonio, Texas 78213
lbeshara@pulmanlaw.com

Patrick C. Bernal
Elizabeth M. Provencio
DENTON NAVARRO ROCHA BERNAL HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243 (Office)
(210) 225-4481 (Fax)
patrick.bernal@rampage-sa.com
elizabeth.provencio@rampage-sa.com

*/s/ Laura Mueller*
Laura Mueller